FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA 2000 APR 11 PM 3:03
TAMPA DIVISION

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

| | |
|---|---|
| CHARLES EDWARD LINCOLN, III, § | |
| Plaintiff, § | |
| § | |
| versus § | Civil Action Number: |
| § | 8:05-CV-00690-T-27EAJ |
| LENNIE S. FREIMAN, § | |
| CLAUDIA YATES FREIMAN, § | |
| Individudally and dba CALDWELL § | |
| BROKERAGE, & BRUCE H. CLARK, § | |
| Defendants. § | |

## COMPLAINT FOR DAMAGES and ACTION FOR TRUST ACCOUNTING

(1) This Court has both diversity jurisdiction, in that Plaintiff is domiciled in the state of Florida while Defendants are residents of Texas, and federal question jurisdiction pursuant to 18 U.S.C. §1964(c).

(2) In this equitable action for accounting and constructive trust, and lawsuit for breach of contract, tortious interference with contract and advantageous business relationships, including but not limited to fiduciary relationships, tortious interference with & conspiracy to breach fiduciary duty, tortious interference with fiduciary accounting, and conspiracy to deny the intangible right to honest services, Plaintiff demands damages of the Plaintiff in the minimum amount of $1.5 million dollars, which exceeds the minimum jurisdictional amount necessary to support diversity jurisdiction pursuant to 28 U.S.C. §1332(a).

(3) Venue is mandated in the District or County of Plaintiff's residence by the terms of the trust agreement ("Declaration of Trust") page 14, ¶65 which forms the basis for this lawsuit, attached to this complaint as Exhibit A and incorporated by reference for as if fully copied and restated herein.

*Complaint for Damages and Action for Trust Accounting*     1

(4) Defendants Bruce H. Clark, Lennie S. Freiman, Claudia Y. Freiman, & their wholly controlled corrupt organization, the non-party racketeering enterprise engaged in and affecting interstate commerce, namely Caldwellbrokerage.com (aka & dba Caldwell Brokerage of Fisher, Texas), have each acting individually and in concert with one another have taken over or usurped the operation of a Trust established initially on October 31, 2006 and formally by the April 17, 2007, Declaration of Trust attached herein as Exhibit A.

(5) The Defendants have rendered the trustee (Peyton Yates Freiman) incapable of acting, and/or have instructed the trustee not to comply with his fiduciary duties under threats of duress, including disinheritance.

(6) Plaintiff demands that the De-Facto Trustees, those who control the decision-making process, namely Defendants Bruce H. Clark, Lennie S. Freiman, Claudia Y. Freiman, and Caldwellbrokerage.com aka and dba Caldwell Brokerage, of Fisher, Texas, provide a full fiduciary accounting to explain the statement, attached herein as Exhibit A, that "The Trust has No Corpus." (See Exhibit B).

(7) Caldwell Brokerage is an enterprise involved in or whose activities effect

(8) Plaintiff further demands that the De-Facto Trustee, namely the Defendants herein, explain and account for their actions interfering with or terminating the ability of the trustee, Peyton Yates Freiman, to do his job and fulfill his fiduciary obligations.

(9) Plaintiff demands damages for breach of contract, breach of fiduciary duty, but also and (if necessary) in the alternative, the declaration of a constructive trust in the hands of the De Facto Trustees, in the amount of $1.5 for the benefit of Plaintiff and all other beneficiaries of the trust.

(10) Plaintiff specifically demands an accounting and constructive trust be imposed against each of the defendants regarding all property and property values delivered into the Trust (or intended to be delivered into the hands of the trust), in light of Bruce H. Clark's statements "There is no trust and Peyton Freiman is no longer your trustee of the trust." (Exhibit B, cover letter of April 8, 2008 and purported "Termination of Trust").

(11) Plaintiff specifically charges wire fraud in violation of 18 U.S.C. §1343 and 18 U.S.C. §1346, the denial of Plaintiff's intangible right to honest services.

(12) Defendant Claudia Yates Freiman, in December, January, and February of 2007-2008, directed her son, the non-party Trustee Peyton Yates Freiman, to steal from the trust, in direct violation of 18 U.S.C. §1346.

(13) Defendant Bruce H. Clark has tortiously interfered in the operation of an advantageous economic and business relationship and has conspired to breach fiduciary duty by declaring and advising that that "there is not trust and Peyton Freiman is no longer your trustee of the trust," also in direct violation of 18 U.S.C. §§1343 & 1346.

(14) Lennie S. Freiman threatened his son, the non-party trustee Peyton Yates Freiman with disinheritance if this trustee did not breach his fiduciary duty to the Trust and to the Plaintiff, also in direct violation of 18 U.S.C. §1346.

(15) Lennie S. Freiman separately breached his contract with Plaintiff Charles Edward Lincoln to render expert opinions on mortgage back securities and collateral backed obligations which could be used in the prosecution of certain lawsuits wherein Charles Edward Lincoln was a party;

(16) Lennie S. Freiman & Claudia Yates Freiman (individually and dba Caldwell Brokerage.com) operate an international securities brokerage subject to the regulations of

the United States Securities & Exchange Commission (SEC), to whom a copy of this complaint will be provided, and Lennie S. Freiman specifically offered and promised the facilities of Caldwell Brokerage to Plaintiff Lincoln for the performance of some of Peyton Yates Freiman's duties as trustee such as the maintenance of cash management accounts and the investment of trust cash and other assets; Lennie S. Freiman's assurances and offer were conditions precedent to the creation of the Tierra Limpia Trust.

(17)  The Defendants herein have interfered and conspired to interfere with a lawfully appointed and constituted trustee in the performance of his obligations in innumerable ways, which have injured and threaten further to injure the Plaintiff in his business or property interests, in violation of 18 U.S.C. §1962(d).

(18)  Defendants Lennie S. Freiman, Claudia Y. Freiman, individually and dba Caldwell Brokerage or Caldwellbrokerage.com and Bruce H. Clark have put themselves in the position of de facto managers of the Tierra Limpia Trust (Exhibits A&B).

(19)  Defendants have violated Texas State law by recording illegal documents or threatening to record illegal documents in the County Records of Travis County, and thereby placing the supposedly "non-existent" trust corpus at risk to Plaintiff's creditors, from whom the Trust was lawfully designed to protect Plaintiff's property, a fact which was widely discussed with Defendants Lennie S. Freiman & Claudia Y. Freiman prior to and after October 31, 2006.

(20)  The Notice of Termination of Trust (Exhibit B) created on April 8, 2008, by Defendant Bruce H. Clark was an illegal document violative of all principles of fiduciary duty, and accordingly must be declared a legal nullity pursuant to the equitable and

injunctive powers granted to U.S. District Courts by 18 U.S.C. §1964(a) and (c) in the prosecution of Civil RICO claims.

(21) Two days after writing and delivering this bizarre and illegal Notice of Termination, Bruce H. Clark sent another letter purporting to withdraw from representation for the Freiman Family, and alleging that Lennie & Claudia Freiman "had no intention of paying an attorney to handle Peyton's affairs." This entire situation reflects nothing but game playing and bad faith on the part of the Defendants. Bruce H. Clark's letter (Attached as Exhibit C) states that:

> Nothing has been recorded by way of a termination of trust or any type of deeds and no offers of settlement have been made on the Thompson lawsuit. The status of all matters is the same as it was before I was engaged in representation.

(22) Plaintiff prays that the Court take judicial notice of Bruce H. Clark's letters of April 8 and 10, 2008, as admissions of the crucial facts underlying this lawsuit, including the mismanagement of the Tierra Limpia Trust and the de facto control exercised over the trustees activities by Lennie S. Freiman & Claudia Yates Freiman individually and dba Caldwell Brokerage and/or Caldwellbrokerage.com.

(23) WHEREFORE, Plaintiff prays for the entry of a Temporary Restraining Order, a preliminary injunction, and upon final trial a permanent injunction against the defendants unilateral termination of the trust, and their use or recordation of any documents created by Defendants and executed by the non-party trustee in their conspiracy to commit multiple breaches of fiduciary duty and multiple violations of 18 U.S.C. §§1346 and 1962(d).

(24) Plaintiff further prays for declaratory and injunctive relief an order to compel Lennie & Claudia Freiman, herein the "de facto" trustees, and to hold them as

Constructive Trustees of all of Charles Edward Lincoln's property entrusted to their son, and

(25) Plaintiff further prays for trebled his damages as allowed by 18 U.S.C. §1964(c).

(26) Plaintiff further prays for all such other and further relief to which he may be entitled as a matter of law or equity in this cause and all related causes of action.

(27) Pursuant to FRCP Rule 4, a Request for Waiver of Service of Summons along with extra copies of this complaint will be delivered to all Defendants.\

## JURY DEMAND

Plaintiff demands a trial-by-jury of all questions of fact and mixed questions of law and fact as may be so triable by law pursuant to the 7th Amendment, 28 U.S.C. §1861, and Rules 38-39 of the Federal Rules of Civil Procedure.

Respectfully submitted,

Charles Edward Lincoln, III, *pro se*
325 Moorings Cove Drive
Tarpon Springs, Florida 34689

Telephone: (727) 940-4276
Facsimile: (727) 940-4473

e-mail: charles.e.lincoln@att.net