# Exhibit A:
# April 17, 2007
# Tierra Limpia Trust

# Bank of America

**Certificate of Trust**

State of **Texas**
County of **Williamson**

Before me this day personally appeared **Peyton Freiman** who being first duly sworn says:

The undersigned (or if there are more than one, each of the undersigned) hereby certifies that he/she is the trustee under a trust agreement created by **Charles Lincoln** as grantor effective **October 30th, 2006** (the "Trust Agreement") and that the attached pages are true and accurate copies of pertinent provisions of the Trust Agreement. The undersigned further certifies that the undersigned has full authority to open accounts, sign and endorse checks or other orders for payment of money, make withdrawals by electronic funds transfer, obtain access devices for the purpose of initiating electronic funds transfers, rent safe deposit boxes, execute and deliver wire transfer agreements, enter into agreements with respect to the investment of funds and otherwise transact business with Bank of America, N.A. (the "Bank") on behalf of the trust. Any accounts or safe deposit box opened in the name of the trust should be titled **Charles Edward Lincoln For Tierra Limpia**.

Such accounts or safe deposit boxes shall be opened and maintained in accordance with the terms of the Bank's Deposit Agreement and Disclosures and the applicable rules and regulations for such accounts, as they may be amended from time to time. The following taxpayer identification number should be used for accounts opened in the name of the trust: _____

If there is more than one trustee, each of the undersigned certify that the undersigned constitute all of the trustees of the aforesaid trust and agree that any one of the undersigned trustees shall be authorized to take any action and deliver any agreement in the name of the trust. In the event that one of the undersigned is unable to act or resigns, or upon the death of the trustee or the survivor of two or more trustees, the method for identifying the successor trustee(s) is described in the attached page(s) from the Trust Agreement. The Bank is authorized to follow the directions of any successor trustee.

The undersigned agrees to promptly notify the Bank in writing of the termination of the trust or any amendment to the Trust Agreement that would affect any certification made in this Certificate of Trust.

**Required in Texas and Oklahoma**
The name and address of each beneficiary named in the Trust Agreement are as follows:

| Charles E. Lincoln | | |
|---|---|---|
| 6102 Valleyview Drive | | |
| Cape Coral, TX, Texas | | |

**Indemnity**
I/We, individually and in my/our fiduciary capacity as trustee, do hereby agree to hold harmless and indemnify the Bank from any claim or liability including attorney's fees arising or relating in any way to the Bank's reliance on this Certificate of Trust.

_____
Trustee

State of **Texas**
County of **Williamson**
On the **17th** date of **April**, **2007** before me personally appeared **Peyton Y Freiman** known to me (or satisfactorily proven) to be the person who subscribed to the within document and acknowledged to me that he/she executed the same for the purposes stated therein.

(check One)
☐ Signer is personally known to me
☒ Signer has produced the following identification: _____

In witness thereof I have set my hand and official seal

[SEAL: ELVIA RAMOS, Notary Public, STATE OF TEXAS, My Comm Exp 10-02-10]

Signature of Notary Public in and for
State of **TEXAS**
County of (if applicable) **WILLIAMSON**
**ELVIA RAMOS**
Typed or Printed Name
**Loan Specialists**
Title Rank/Serial Number (if applicable)
My Commission Expires **10-02-10**

Trustee
State of _____
County of _____
On the _____ date of _____ before me personally appeared _____ known to me (or satisfactorily proven) to be the person who subscribed to the within document and acknowledged to me that he/she executed the same for the purposes stated therein.

(check One)
☐ Signer is personally known to me
☐ Signer has produced the following identification: _____

In witness thereof I have set my hand and official seal

(Seal)

Signature of Notary Public in and for
State of _____
County of (if applicable) _____
Typed or Printed Name _____
Title Rank/Serial Number (if applicable) _____
My Commission Expires _____

00-14-3261NSB 05-2003

# DECLARATION OF TRUST OF
# "CHARLES EDWARD LINCOLN FOR TIERRA LIMPIA"
## Peyton Yates Freiman, Trustee

### ARTICLE I AGREEMENT AND DELIVERY BY ENDORSEMENT OF TRUST FUNDS

This Trust Agreement is made on this 14th day of April, 2007, by *Charles Edward Lincoln, III*, (date of birth April 10, 1960) of Lago Vista, Travis County, State of Texas, hereinafter referred to as "Grantor," "Settlor", and "primary beneficiary", and serves as a complete amendment of and supplemental written declaration for those oral declarations of made and acknowledged by Peyton Yates Freiman (date of birth March 27, 1983, hereinafter "Trustee") in separate writings dated and acknowledged October 30 and November 21, 2006, and again on April 14, 2007, referring to a series of deeds to real estate and movable personal property filed between October 30, and the present date, which itself was the complete amendment of and substitution for the oral declaration of trust made by Charles Edward Lincoln to Jon Drew Roland during May and June of 2005, which resulted in Roland's appearance as Amicus Curiae on Lincoln's behalf in State and Federal Court during 2005-2006

(1) **GRANT OF TRUST:** Charles Edward Lincoln, has endorsed and delivered to Peyton Yates Freiman for deposit in a Trust account that certain check dated 4/9/2007, number 0201 drawn by Claims Management Services on behalf of Stonington Insurance Co., on the Bank of America, Atlanta, in the amount of $32,000.00, and does hereby grant and transfer by this Trust Declaration as a lawful deed of title to Peyton Yates Freiman, as Trustee, all of Charles Edward Lincoln's Right Title, interest in said check, to have, to hold, and to manage said property and all claims to title and interests therein in trust for *Charles Edward Lincoln, III*, (hereinafter described and identified as "Grantor", "Settlor", or "primary beneficiary") as sole immediate and primary beneficiary, with his son Charles Edward Lincoln, IV, as secondary and alternative beneficiary. The Trustee hereby agrees to hold that account and any other property of the trust estate, including the real property already deeded to Peyton Yates Freiman as described above, or rights to property hereinafter purchased or acquired by or vindicated in the course of certain pending and planned litigation, in trust, on the terms set forth in this instrument, including but not limited to those terms referring to Charles Edward Lincoln's express wishes, advice, and consent concerning the management of his estate during his lifetime and the lifetime of his son Charles Edward Lincoln, IV (date of birth August 23, 1992).

(2) It is Settlor's desire and intention, expressly mandated by this instrument, to create an irrevocable *inter vivos* trust in accordance with the laws of the State of Texas, whereby Settlor's property will be held in trust and managed by the Trustee with objectively reasonable prudence for Settlor's benefit, by and through Settlor's advice and consent, so long as he is living and able to make as all material decisions, during his lifetime

(3) It is the Settlor's further desire and intention, expressly mandated by this instrument, that upon his death, the Trustee continue to hold his property in a continuing trust for the benefit of the heirs of *Charles Edward Lincoln, III*, including Charles Edward Lincoln, IV, born August 23, 1992, or other heirs or beneficiaries who may be added by amendment or exhibit to this Declaration of Trust, duly acknowledged and verified before a notary or other officer entitled to administer oaths, which shall amend this Trust Agreement as to the heirs of Charles Edward Lincoln, or successor beneficiaries under this Trust Agreement. Upon the Settlor's death, Charles Edward Lincoln's property shall be distributed as set forth below.

## ARTICLE II TRUST ESTATE

(4) All property subject to this instrument or the Acknowledgement of Trust executed by Peyton Yates Freiman on April 14, 2007, which from time to time is or may be referred to as the "trust estate", shall be held, administered, and distributed according to this instrument.

(5) The trust estate consists of the aforementioned check for deposit into a trust account (plus the proceeds and undistributed income of the property identified as 6102 Valleyview Drive in Lago Vista, Texas, and all adjacent lots and related claims of right, including rights in litigation, or any other *choses in action* which have been or may be raised in litigation in any court, at any time) plus all such other property and claims to property or for injury to Charles Edward Lincoln's property rights or business interests as may have previously been or as which may be hereafter delivered or transferred in title to Peyton Yates Freiman as trustee by the Settlor, as well as insurance proceeds or pension benefits accruing to Charles Edward Lincoln from any other person or source by litigation, grant, devise, or inheritance, known or unknown, already accrued or accruing at any time during the existence of this trust.

## ARTICLE III DISTRIBUTIONS OF INCOME AND PRINCIPLE

A. Distribution

(6) During the Settlor's lifetime, and upon his death, the Trustees shall pay to or apply for the benefit of Settlor the net income of/cash on hand held by the trust in monthly installments. The Trustees shall pay to or apply for the benefit of the Settlor as much of the principal as the Settlor shall direct or as necessary in the Trustee's objectively reasonable and prudent discretion for the proper health, education, support, maintenance, comfort and welfare of the Settlor in accordance with the Settlor's accustomed manner of living as of the date that this trust came into existence.

B. Rights of Successor Beneficiaries or Remaindermen are Secondary

(7) The Trustee shall exercise in a liberal manner the power to invade principal contained in this Article III for the benefit of *Charles Edward Lincoln, III*, while living, and then of his son Charles Edward Lincoln, IV, and the rights of all remainder beneficiaries in the trust shall be

considered of lesser, subordinated, and secondary importance
ARTICLE IV SETTLOR INCAPACITATED

A Payments for Benefit of Incapacitated Settlor

(8) If at any time, as certified in writing by the Settlor's primary physician Dr. Paul D. Kyte of Lago Vista (Telephone 512-267-3213) or, if Dr. Paul D. Kyte is not available, two licensed physicians, not related by blood or marriage to Settlor or Trustee, nor to any beneficiary of this trust, Settlor has become incapacitated, whether or not a court of competent jurisdiction has declared both or either incompetent or mentally ill or has appointed a guardian, the Trustees shall act on Settlor's behalf pursuant to this Declaration of Trust and the Durable Power of Attorney recorded in the records of Cause Number FM207900 in the Travis County District Court with the Travis County District Clerk on Friday March 30, 2007

(9) The Trustee shall apply for the benefit of Settlor, amounts of net income and principle necessary in the Trustee's objectively reasonable and prudent discretion for proper health, support, maintenance, comfort, and welfare of the Settlor in accordance with their accustomed manner of living as of the date that this trust came into existence The Trustee shall make such payments or applications until Settlor is or are again able to manage his own affairs, as certified in writing by Dr. Paul D. Kyte or the Settlor's attending physician or, if there be no regularly attending physician, two licensed physicians, neither related by blood or marriage to Settlor, or any beneficiary of this trust

(10) The words "incapacity" or incapacitated" shall include any condition that renders Charles Edward Lincoln unable to conduct his regular affairs and that is likely to extend for a period longer than thirty (30) days The certification of incapacity shall be filed with and accepted by the Trustee, or for an incapacitated Trustee, filed with and accepted by the successor Trustee, provided however, that where both the Trustee and Beneficiary are incapacitated, the successor trustee shall seek the assistance of an independent counsel in administering the trust

B Undistributed Income

(11) Any of the net income derived from the trust estate which may not have been distrusted to the Settlor shall be accumulated and added to the principal

C Public Benefits

(12) The Trustee shall take all reasonable, prudent, and lawful steps to ensure the earliest possible eligibility of Settlor, for health and income public benefits for which the Settlor may qualify because of age or disability If Settlor has named any person other than the Trustee Peyton Yates Freiman to serve as attorney in fact to act on his behalf pursuant to any valid Durable Power of Attorney, noted above, the Trustee shall follow the directions of such attorney in fact toward the end of honoring the provisions of this Trust Declaration requiring the Settlor's

advice and consent to all important or material trust actions and decisions
ARTICLE V AMENDMENT OR MODIFICATION

A Settlor May Amend or Modification

(13) Settlor Charles Edward Lincoln, may amend or modify but not unilaterally or completely revoke the trust as to all or any part of the property held therein by a writing of equal formality to the present Declaration of Trust, acknowledged and verified before notary public, and dated and delivered to the Trustee with not less than 10 days actual notice of modification of trust powers and duties Upon delivery of any substantial amendment, the property shall not revert to the Settlor free of trust, but the Trustee may require that a Court of competent jurisdiction in the county, district, circuit, or superior court division where Settlor Charles Edward Lincoln resides at the time of amendment or modification of trust approve such amendment or modification if the Trustee disputes that the amendment or modification is necessary, proper, or reasonably prudent for any reason At and after the Settlor's death, the Settlor's heirs or beneficiaries shall continue to have the same power of amendment or modification and no other person named shall have any power to amend or revoke this trust, except as may be required by a court of competent jurisdiction, which may also order the Trust dissolved upon the formal application of the Trustee, any successor trustee, or any beneficiary, provided only that a formal and satisfactory accounting of all trust income and principal assets received since the creation of this trust shall be made by the trustee(s) and approved by the beneficiary(ies) and/or a court of competent jurisdiction at a venue determined by the residence of the primary then-living beneficiary

B Disability of Settlor

(14) All of the Settlor's powers to revoke and amend this instrument are personal to Charles Edward Lincoln However, in the event of his disability, the powers may be exercised on the Settlor's behalf by Peyton Yates Freiman as attorney in fact under a durable power of attorney signed by Settlor with powers given in such durable power of attorney, or by a guardian appointed with or by court approval

ARTICLE VI DISSOLUTION and FINAL DISTRIBUTION OF TRUST ESTATE

A Distribution to Successor Beneficiaries

(15) Upon the death of the Settlor's primary heir, Charles Edward Lincoln, IV, the Trustee shall distribute the rest, residue, and remainder of the trust estate as to the Settlor's heirs who are the successor beneficiaries designated in amendments or modifications or exhibits to this Irrevocable Trust, or in the event of the prior decease of all such successor beneficiaries, to the first of the following persons or institutions, which shall not have ceased to exist or operate, in this order of succession
MIDDLE AMERICAN RESEARCH INSTITUTE, TULANE UNIVERSITY, NOLa 70118
BOWDITCH FUND, PEABODY MUSEUM OF ARCHAEOLOGY & ETHNOLOGY,

*Charles Edward Lincoln's Banking Trust Agreement with Peyton Yates Freiman*     4
*To be named and entitled "The Charles Edward Lincoln Trust for Tierra Limpia"*

HARVARD UNIVERSITY, CAMBRIDGE, MASSACHUSETTS 02138
AGASSIZ FUND, MUSEUM OF COMPARATIVE ZOOLOGY, HARVARD UNIV. 02138
and such others as the Settlor may hereafter designate in any formally acknowledged amendment

B  Notice to Beneficiaries

(16)  Upon the death of Settlor, the Trustee shall, and any other person or entity may, give notice to **Charles Edward Lincoln, IV**, or other beneficiaries of their interest in the trust  No one giving notice under this provision shall be liable to the trust, trustee, or to any beneficiary, and the trust shall hold harmless and indemnify any person or entity so giving notice

## ARTICLE VIII  PAYMENT OF TAXES, DEBTS, AND EXPENSES

(17)  Upon the death of Settlor, the Trustee, in the Trustee's sole objectively reasonable and prudent discretion, is authorized to pay the Settlor's lawful debts outstanding at the time of Settlor's death and not barred by the statute of limitations, statute of frauds, or any other provision of law  Such debts may include valid death taxes and other governmental charges imposed under the laws of the United States or any state or country by reason of such death, including interest and penalties attributable to the trust estate arising because of Settlor's death, attorney's fees, and other costs incurred in administering the deceased Settlor's estates

(18)  The Trustee is authorized to accomplish the foregoing in the exercise of its objectively reasonable and prudent discretion by direct payment, loans to the executor of Settlor's estate and purchase of assets from Settlor's estate or any other reasonable method  Any long term debt shall ordinarily be paid in accordance with its terms unless the Trustee determines otherwise

## ARTICLE IX  DESIGNATION OF TRUSTEE OR CO-TRUSTEES

A  Trustee

(19)  **PEYTON YATES FREIMAN** shall serve as sole initial Trustee, and shall so serve until his death, incapacity, replacement by court-order, or other replacement-by-designation of a substitute trustee of equal or greater capacity

(20)  Either the Settlor or Trustee or any successor primary beneficiary after the death of the Settlor shall have the power to appoint successor Co-Trustees or successor Trustees by a verified and acknowledged instrument signed and dated before a notary public and delivered to the Trustees, and by the same method may revoke such appointments and make new ones, although the existing trustee may require Court approval of such appointment if he disagrees that the new trustees are competent or cooperative or compatible with his primary administration of the trust for any reason  The appointment of successor Co-Trustees shall become effective on written acceptance delivered to Settlor, or by Court order, such as shall be the case  The appointment of successor Co-Trustees or successor Trustees must be effective upon the date the last Trustee fails

to qualify or ceases to act

(21) If Settlor has not exercised Settlor's power to select other successor Trustees during Settlor's lifetime, the first of the following persons shall serve as successor Trustee who is alive, available, and willing to serve

HELEN SORAYYA CARR, CONTRA COSTA, EL CERRITO, CALIFORNIA

And/or such other persons as the Settlor may hereafter designate in writing

B Incapacity of a Trustee

(22) If the Trustee cannot administer the trust because of incapacity, during any period of incapacity the successor Trustee named herein shall act as Trustee, having all rights and powers granted to the Trustee by this instrument

(23) Incapacity shall mean any physical or mental condition of the Trustee, whether arising from accident, illness or other cause, which renders the Trustee unable to conduct the regular affairs of the trust estate, including but not limited to the endorsement for receipt of funds and writing of checks for disbursement of fund from the trust estate, which condition of incapacity is probable to extend for a period greater than twenty-one (21) days

(24) Incapacity shall be conclusively established if either the Trustee's regular attending physician, or two doctors, authorized to practice medicine in the State of Texas (or in any State or country in which the Trustee is residing) issue written certification to that effect

(25) In the absence of certification, a co-Trustee or successor Trustee or beneficiary(ies) hereunder may petition the court having jurisdiction over this trust to remove a trustee and, if there is no other acting Trustee, replace him or his with the successor Trustee Neither a Trustee nor beneficiary who so petitions the court shall incur liability to any beneficiary to the trust or to the substituted Trustee as a result of this petition, provided the petition is filed in good faith and in reasonable belief that the substituted Trustee is incapacitated or otherwise cannot act

*B. Trustee Free to Resign during periods of solvency*

(26) Provided only that the trust created hereunder is solvent, meaning that all debts have regularly been paid by cash on hand during the previous four months (120 days), the Trustee may resign at any time by giving written notice of resignation to the Settlor, and/or the other Trustee(s) then acting, if any, and if there are none, then to all the then current income beneficiaries Any such resignation shall become effective immediately upon such notice or at such date as the Trustee and the Settlor, or the said beneficiaries may agree, but no later than thirty (30) days after such written notice

C. Death or Disappearance of Trustee

(27) Death of a Trustee shall be evidenced by a certified copy of the death certificate delivered to the successor Trustee or by a judicial declaration of "death" or "disappearance" where required by the unexplained disappearance of the trustee for a period of more 21 days from his usual residence or office without forwarding telephone number or address

D. Bond

(28) No bond shall be required of any person named in this instrument as a Trustee, for the faithful performance of the first appointed Trustee, Peyton Yates Freiman's, duties as Trustee, but the beneficiary or any other person duly authorized to act as his (or Settlor's) attorney-in-fact or attorney-at-law may require a subsequently named Trustee, Co-Trustee or successor Trustee to be bonded, so long as this may be done in accordance with the terms of this appointment and without injury to Charles Edward Lincoln's interests or the prudent management of his estate

*E. Authority of Settlor to Give Advice and Consent to all material transactions.*

(29) The Trustee shall have the power to bind the trust in any and all transactions, but he shall do so only with the advice and consent of Settlor *Charles Edward Lincoln, III*, with regard to all significant and material transactions, so long as *Charles Edward Lincoln, III*, is alive and of full legal and mental capacity, even if Settlor's legal capacity is limited or diminished by governmental action other than a valid judicial declaration of mental incompetence or insanity

F. Successor Trustee

(30) A successor Trustee shall succeed to all title to the property of the trust estate and all powers, rights, objectively reasonable and prudent discretions, obligations and immunities of the Trustee hereunder with the same effect as though such successor had been originally named Trustee or co-Trustee with Peyton Yates Freiman on October 30, 2006

(31) No successor Trustee shall be liable for any act, omission or default of a predecessor Trustee or Trustees, unless the successor Trustee was actually a party to or consulted concerning or otherwise directly involved in such act, omission, or default. Unless required in writing within sixty (60) days of appointment by an adult beneficiary or co-Trustee of this trust or any person acting as attorney-at-law or attorney-in-fact for such adult beneficiary or co-Trustee, no successor Trustee shall have any duty to investigate or review any action or a predecessor Trustee or Trustees, and the successor Trustee and the successor Trustee may accept the accounting records of the predecessor Trustee or Trustees showing assets on hand without further investigation and without incurring any liability to any person claiming or having an interest in the trust, and [except when concealed evidence reveals or suggests actual embezzlement or fraud] any further or additional accounting is hereby forever and finally waived

(32) Any third person dealing with the successor Trustee shall accept, and shall be absolutely entitled to rely upon, the statement of the successor Trustee that it has become the successor Trustee in accordance with the provisions of the provisions of this Article, and shall be under no obligation to make any investigation into the facts or circumstances of the assumption of authority by the successor Trustee

(33) The successor Trustee shall not be made subject to any claim or demand by the Settlor or by any beneficiary of the trust estate by reason of its commencing to act as successor Trustee in accordance with the provisions of this Article

G  Reimbursement and Compensation

(34) An individual Trustee may receive reasonable compensation, never to exceed 10% of the monthly cash income or liquid assets in the possession of the trust (whichever sum is lesser, except when there is no appreciable income, as during the initial trust month of April 14-May 14, 2007) NO CORPORATE TRUSTEE SHALL EVER BE APPOINTED as a successor trustee under this instrument  Any Trustee shall be reimbursed for expenses on behalf of the trust estate and shall receive reasonable compensation for extraordinary services rendered to the trust estate, and all trustees are entitled to reimbursement of all actual out-of-pocket expenses properly documented and presented in the trust accounting each month

(35) Provided only that such proof of expenses are documented and properly presented, the Trustee and his successors/co-trustees shall be entitled to reimburse himself or herself for any personal costs incurred in the administration of the trust and for any expenses of the trust that he/she has paid without the express approval of any beneficiary provided that the trust has been solvent (able to pay debts when due from cash on hand) for at least four months, 120 days

H  Trustee Accounting

(36) During his lifetime, and as long as Settlor retains full legal and mental capacity, the Trustee shall each month account orally and in writing to Settlor for all actions or activities of the Trust, including but not limited to the prosecution of legal claims or other *choses in action*, but the written approval of Charles Edward Lincoln shall be final and conclusive in respect to transactions disclosed in account as to all beneficiaries of the trust, including Charles Edward Lincoln, IV, and all unborn and contingent beneficiaries

(37) If anyone other than Peyton Yates Freiman is serving as Trustee, and so long he/she is not serving as a co-Trustee with Settlor, that Trustee shall provide an annual accounting which reflects assets, obligations, income, distributions, and expenditures to Settlor if Settlor have capacity or, in the event of Settlor's incapacity or demise to the beneficiaries of the residue of the remainder of the Trust Estate

(38) The records of the Trustee shall be open at all reasonable time to inspection by Settlor, and in the event of Settlor's incapacity or demise, to Settlor's beneficiaries named herein or in separate but subsequently acknowledged and verified amendments, codicils, or exhibits to this Declaration of Trust

## ARTICLE X TRUSTEE'S POWERS

### A Grant

(39) Settlor grants to the Trustees objectively reasonable and prudent discretion and complete power to administer the trust estate as a fiduciary In addition to power now or subsequently conferred by law, such grant shall include without limitation the following powers, except that Trustee shall have no power to make any payment or distribution under compulsion or duress by creditors or the government

### B To Acquire and Receive Assets

(40) To acquire, receive, take possession of, sue for, recover, and preserve the assets of the trust estate, both real and personal, coming to its attention or knowledge, and the rents, issues and profits arising from such assets

### C To Retain Initial Assets

(41) To retain the initial assets of the trust estate without liability for loss, depreciation, or diminution in value resulting from such retention until the Trustee decides to dispose of such assets The Trustee may, in its objectively reasonable and prudent discretion, retain in the trust any personal effects, heirlooms, or similar tangible personal property which the Trustee may deem desirable or appropriate to retain, for storage or use by any beneficiary during the existence of the trust, or for distribution to the successor beneficiaries or remaindermen upon termination of the trust It is the Trustee's primary affirmative duty, however, to increase the value of the trust corpus, to augment the inventory of trust assets, and to acquire new assets for the perpetuation of the purposes of which this trust was created

### D To Invest

(42) To invest and reinvest all or any part of the trust estate in any common or preferred stocks, shares or investment trusts and investment companies, bonds, debenture, mortgages, deeds of trusts, mortgage participation, money market funds, mutual funds, index funds, notes, real estate, or other property the Trustee in the Trustee's objectively reasonable and prudent discretion selects

### E To Manage, Exchange, Repair

(43) With respect to real and personal property or any interest in real and personal property owned by the trust, to manage, control, grant options on, sell (for cash or on deferred payments), grant, transfer, convey, exchange, partition, encumber, divide, improve and repair trust property; to subdivide, develop and to dedicate to public use, to dedicate and grant easements to public use without consideration, to lease trust property for terms within or beyond the term of the trust for any purpose, including exploration for and removal of gas, oil, and other minerals, and to enter into community oil leases, pooling, and unitization agreements

F  To Manage Securities

(44) To have all the rights, powers and privileges of an owner of bonds, notes, obligations, or securities of any kind held in trust, including, but not buy way of limitation, the power to vote, give proxies, and pay assessments, to participate in voting trusts and pooling agreements, (whether or not extending beyond the term of the trust), to enter into shareholders' agreements, to consent to foreclosure, reorganizations, consolidations, mergers, liquidations, sales and leases, and incident to any such action, to deposit securities with and transfer title to any protective or other committee on such terms as the Trustee may deem advisable, and to exercise stock options and to exercise or sell subscriptions or conversation rights

G  To Operate Business

(45) To continue to hold and operate, to sell, or to liquidate, at the risk of the trust estate, any closely held business interest, whether proprietorship, partnership or corporation

H  To Handle Financial Accounts

(46) To handle trust funds, including deposits and withdrawals, in any savings or other account, interest-bearing or non-interest bearing, in any currency whatsoever, with any bank, financial institution, or other depository, or deposit such trust funds in investment certificates or time certificate or other investment paper

I  To Make Contracts and Carry Out Agreements

(47) To enter into contracts, which are reasonable incident to the administration of the trust, to carry out the terms of any valid agreement which Settlor may have entered into during Settlor's lifetime concerning property owned by the trust

J  To Act as Creditor

(48) With respect to any indebtedness owned to Charles Edward Lincoln, III, Charles Edward Lincoln, IV, to Tierra Limpia Foundation or to the trust, secured or unsecured, to continue the same upon and after maturity, upon such terms as the Trustee deems advisable, to foreclose any security for such indebtedness, in the Trustee's objectively reasonable and prudent discretion

*Charles Edward Lincoln's Banking Trust Agreement with Peyton Yates Freiman*  10
*To be named and entitled "The Charles Edward Lincoln Trust for Tierra Limpia"*

K. To Borrow

(49) To borrow money from any source, including from the assets of an individual Trustee (such as Peyton Yates Freiman has already done and shall continue to do in the exercise of his office as Trustee) with any such indebtedness being repayable solely from the trust estate or a part of it, and to pledge or encumber the trust estate (such as but not limited to the house and adjacent real estate located at 6102 Valleyview Drive in Lago Vista, Texas), or a part of it, as security for such loans, to act using a line of credit or letter of credit in the Trustee's own name, the name of the trust or any other convenient name and/or tax identity number, or to guarantee or repudiate a debt of Settlor *Charles Edward Lincoln, III* made before the creation of this trust.

L. To Deal With Fiduciaries

(50) To purchase from, borrow from, sell to and generally to deal with all persons, including the primary beneficiary or his personal agent with durable power of attorney (if Peyton Yates Freiman is no longer acting pursuant to the March 30, 2007, Durable Power of Attorney or similar agency-in-fact granted by the original settlor) or other Trustees individually and as a fiduciary, or with partnerships, corporations and financial or business organizations in which the Trustee may have an interest on an objectively reasonable basis. The Trustee shall also have the power to sell property to or purchase property from and to borrow money from or lend money to Settlor's probate estate upon the Settlor's death. Any such transactions shall also be made on an objectively reasonable and prudent basis, at the fair market value or at such interest as the Trustee and personal representative of the probate estate determines to be necessary and proper under the circumstances. The Trustee is authorized to make loans to the Trust or the primary beneficiary as an individual when it is objectively reasonable under the circumstances to do so. The powers authorized herein may be exercised even though the Trustee and personal representative (attorney-in-fact, agent with power of attorney) may be the same.

M. To Use Nominee

(51) To hold title in the name of a nominee or in a manner that will pass title by delivery or otherwise facilitate proper administration, but the Trustee is liable for any act of the nominee in connection with the security so held.

N. To Determine Income and Principal

(52) Except as otherwise specifically provided hereunder, to determine all matters of trust accounting in accordance with the provisions of the applicable law of the State of Texas from time to time existing, and if there is no provision therein, in accordance with generally accepted accounting principles in the Trustee's objectively reasonable and prudent discretion, which principles shall be consistently applied.

O To Abandon Property

(53) To abandon any property or interest in property belong to the trust (including but not limited to disputed or litigated legal claims or other *choses in action* when, in the Trustee's objectively reasonable and prudent discretion, limited by the advice and consent of the Settlor and Primary Beneficiary *Charles Edward Lincoln, III*, while living, or Charles Edward Lincoln, IV, after the death of the primary beneficiary, such abandonment appears reasonable & prudent The abandonment of legal claims or *choses in action* is a serious matter because of the history and origin of this trust in litigated claims and challenges to the existing law or status quo

P. To Litigate

(54) Charles Edward Lincoln, III, assigns, deeds, grants, and transfers to Peyton Yates Freiman as his Trustee the power to own, hold, and manage in his own name all claims of right, title, and interest, including *choses in action* as well as all litigated claims generally (however old they may be and whenever and wherever arising, including all claims for damages to Charles Edward Lincoln's property and/or business interests), against any party, regarding any asset, including but not limited to all powers covered by and to exercise the power of attorney previously and separately granted by Charles Edward Lincoln to Peyton Yates Freiman to prosecute, defend, contest or otherwise litigate legal actions or other proceeding for the protection or benefit or augmentation of the trust corpus or in the interests of the Trustee (who may draw on trust resources to defend himself against any and all claims of third parties for usurpation of any right, title, or power granted in this document), to pay, compromise, release, adjust or submit to judgment or arbitration any debt, claim or controversy, and to insure the trust or trusts against any risk, and the Trustee against liability with respect to third persons

Q To Prepare Tax Returns and Make Elections

(55) To prepare and file returns and arrange for payment with respect to all lawful local, state, federal, and foreign taxes incident to this agreement, to prepare all necessary fiduciary income tax returns to make all necessary and appropriate election on connection therewith in its objectively reasonable and prudent discretion, even if an election has the effect of favoring one beneficiary or set of beneficiaries to the apparent disadvantage of another

R To Distribute

(56) To partition, allot, and distribute the trust estate on any division or partial or final distribution of the trust estate in undivided interest or in kind, or partly in money and partly in kind, at fair market value, as determined by the Trustee, on the effective date of distribution, and to sell any property the Trustee considers necessary for division or distribution The Trustee may make non-pro rata distributions to beneficiaries and in so doing shall consider and attempt to equalize, as far as practicable, the aggregate income tax basis of such assets distributed to the various beneficiaries Any such determination by the Trustee shall bind all parties in interest

S  To Apply for and Carry Insurance and to Collect Insurance Proceeds

(57)   To apply for, carry, at the expense of the trust, insurance of such kinds and in such amounts as the Trustee deems advisable to protect the trust estate and the Trustee personally against any hazard

(58)   To collect the net proceeds of any insurance payable to the trust  The Trustee shall have the power to take such action as it deems appropriate to enforce any claims of the trust estate under such policy, plan or contract and to compromise, arbitrate or otherwise settle such claims, all at the expense of the trust estate but with no obligation on the Trustee to incur expenses or liabilities that cannot be paid from trust funds or for which the Trustee has no assurance of indemnification

Payment to the Trustee by the insurance company of the proceeds of any insurance policy including life insurance, disability insurance, hazard insurance, or otherwise, and receipt and release from the Trustee for such proceeds and/or policies shall be a full discharge of the liability of such insurance company with respect to such proceeds, and no insurance company need inquire into or take notice of this Agreement or see to the application of such payments

T  To Seek and Maintain Public Benefits for a Beneficiary

(59)   To take any and all steps necessary and proper, in the Trustee's objectively reasonable and prudent discretion, to obtain and maintain eligibility of any beneficiary under this trust for any and all public benefits and entitlement programs  Such programs but are not limited to Veterans Benefits, Social Security, Supplemental Security Income, Medicare, and Medicaid

U  To Disclaim

(60)   To disclaim, in the Trustee's objectively reasonable and prudent discretion, all or any portion of any interest in property passing to trust estate at or after the Settlor's death, if the trustee deems that such interest may in fact be or is likely to become a liability to the trust estate

ARTICLE XI  ADMINISTRATIVE PROVISIONS

A.  Additions to Trust—Trustee's Duty to Expand and Augument the Trust Corpus

(61)   Settlor and Trustee have the separate but equal duty to expand, increase, augment, add to, and generally to the trust estate by purchase, gift, will, deed, amendment or otherwise  Subject to the disapproval of the Trustee in writing, other persons or entities may add to the trust by contribution, and it is the duty of the trustee to solicit such contributions by advertising and otherwise for the purpose of carrying forward the reform litigation and political activities sponsored, initiated, or assisted by Charles Edward Lincoln, to carry forward with which is one of the primary purposes of the Trust for Tierra

*Charles Edward Lincoln's Banking Trust Agreement with Peyton Yates Freiman*       13
*To be named and entitled "The Charles Edward Lincoln Trust for Tierra Limpia"*

Limpia/Tierra Limpia Foundation.

(62) Unless otherwise specifically directed by such other persons or entities, the Trustee shall allocate the contributed property ratably among the then existing trust shares on the basis of the fair market value of the trust shares at the time of the contribution

B Notice to Trustee of Births, Deaths and Other Events Affecting Interest

(63) Unless the Trustee has received actual notice of the occurrence of any event affect the beneficial interest of this trust, the Trustee shall not be liable to any beneficiary of this trust for distribution made as though the event had not occurred, provided this clause shall not exculpate the Trustee from liability arising from nonpayment of death or generation-skipping taxes that may be payable to or by the trust on occurrence of an event affecting the beneficial interests of this trust

C Perpetuities Savings Clause

(64) Unless terminated earlier in accordance with other provisions of this instrument, all trusts created under this instrument shall terminate 21 years after the death of secondary beneficiary Charles Edward Lincoln, IV, or the last survivor of Settlor's successor beneficiaries living on the date of the death of Secondary Beneficiary Charles Edward Lincoln, IV The principal and undistributed income of a terminated trust shall be distributed to the income beneficiaries of that trust in the same proportion that the beneficiaries are entitled to receive income when the trust terminates If at the time of termination the rights to income are not fixed by the terms of the trust, distribution under this clause shall be made, by right of representation to the persons who are then entitled or authorized, in the Trustee's objectively reasonable and prudent discretion, to receive trust payments

D Choice of Law

(65) The validity of this trust and the construction of its beneficial provisions shall be governed by the laws of the State of Texas in force so long as *Charles Edward Lincoln, III*, and **Charles Edward Lincoln, IV**, both have their principal residence in the State of Texas Should the primary living beneficiary move to or establish a primary residence in any other state, the venue for any action for accounting, dissolution, or substitution of trustees shall be had in the county, district, circuit, or superior court division proper to the residence of the primary living beneficiary of this trust

(66) Notwithstanding the foregoing, the validity and construction of this trust in relation to any real property located in a jurisdiction outside the State of Texas shall be determined under the laws of such jurisdiction If the venue, situs, or place or administration of the trust is changed to another state, on account of the change of residence of the primary living beneficiary, the law of that state or country shall govern the administration of the trust

*Charles Edward Lincoln's Banking Trust Agreement with Peyton Yates Freiman* 14
*To be named and entitled "The Charles Edward Lincoln Trust for Tierra Limpia"*

E   Notice

(67) "Notice" throughout this trust agreement shall be in writing and shall either be personally delivered or mailed with postage prepaid in a manner reasonably designated to communicate the information contemplated

F   No Waiver of Accounting

(68) Unless this provision is modified before his death by the primary beneficiary, successor beneficiaries of this trust may not waive the trustee's duties and obligations of accounting

G   Claims of Creditors

(69) The Trustee is not and shall never be made personally liable to any creditor or to any other person for making distributions from any trust under the terms of this instrument if the Trustee has no actual and effective proof of the validity of the claim of such creditor  The trustee shall have the unqualified duty and authority to consider, evaluate, and challenge all creditor's claims as to legal and equitable propriety and validity except insofar as may be specifically forbidden by *Charles Edward Lincoln, III*, acting in his capacity as Grantor, Settlor, and Primary Beneficiary of this Trust  This trustee's power includes the power to litigate to void claims

H   Severability Clause

(70) If any provision of this trust instrument is declared, deemed, or held by a court of competent jurisdiction to be either invalid or otherwise unenforceable, the remaining provisions shall nevertheless be carried into effect

I   Survivorship Provision

(71) Except as otherwise specifically provided in this instrument, any successor beneficiary not living forty (40) days after the death of Settlor shall be deemed not to have survived Settlor

J   Distribution to young or Disabled Beneficiary

(72) On any partial or total termination of a trust, the Trustee shall have the power to distribute property to a custodian for a minor or other eligible beneficiary under any applicable laws (and in so doing shall have objectively reasonable and prudent discretion to establish a custodianship termination age up to age 25 if allowed by the Act), or to use any other means of making distribution under applicable law or terms of this trust to a beneficiary who is under legal disability  Such means include making payments for the beneficiary's account to the beneficiary's conservator, guardian or the person or property, parent, or any other suitable adult with whom the

beneficiary shall reside, or making payment on behalf of the beneficiary for the beneficiary's exclusive benefit

(73) The Trustee may make distributions for an incapacitated beneficiary to the conservator or guardian of the beneficiary's estate or to the Trustee of the beneficiary's irrevocable trust for the beneficiary's own benefit

(74) Neither bond nor other security need be required of any payee The Trustee may thus distribute the property without obligation to see to the further application of such distribution, and the receipt for distributions by any such persons shall fully discharge the Trustee

(75) No distribution under this instrument to or for the benefit of a minor beneficiary shall discharge the legal obligation of the beneficiary's parents to support him or his in accordance with the laws of the state of the parent's domicile from time to time, unless a court of competent jurisdiction determines that this distribution is necessary for the minor's support, health, or education

K Gender
(76) As needed for the reasonable construction of this Declaration of Trust, terms or pronouns of the masculine shall refer to the feminine and the singular to the plural

## ARTICLE XII PROBATE COURT JURISDICTION AVAILABLE

(77) Any statutory code provisions applicable in the State of Texas authorizing optional Probate Court jurisdiction over trusts hereby are made expressly applicable It is, however, Settlor's intention to avoid the probate process by this Trust Agreement This Article XII is included only to provide Trustee with all option under the law In the event there is a conflict between a trust provision and a provision in applicable law, the trust provision will govern

## ARTICLE XIII NAME OF TRUST

(78) The trust or trusts created in this instrument may be referred to collectively as

## THE CHARLES EDWARD LINCOLN TRUST FOR TIERRA LIMPIA

Declaration Executed in Cedar Park, Texas, on April 14, 2007 (amending and controlling all prior deeds and declarations, written and oral, to Jon Drew Roland and/or Peyton Yates Freuman made on or after May 1, 2005).

I hereby acknowledge, affirm, and verify that I have read the foregoing trust agreement and that it correctly states the terms and conditions under with the trust estate is to be held, managed and disposed of by Peyton Yates Freuman and/or his successor trustees I approve the trust agreement in all particulars and request that the Trustees execute and

administer my estate in my best and most prudent interests pursuant to the above-and-foregoing terms and conditions.

Signed and Dated on this April 14, 2007 by:

_____
CHARLES EDWARD LINCOLN,
a natural person, resident in Travis County, Texas at
6102 Valleyview Drive, Lago Vista, Texas 78645
Telephone (512) 267-5144

On this Monday the 16th day of April, 2007, before me came Charles Edward Lincoln who acknowledged to me that he is the same individual who executed the above Trust Agreement, as Grantor, Settlor, and Primary Beneficiary

_____
NOTARY PUBLIC, STATE OF TEXAS
CEDAR PARK, WILLIAMSON COUNTY

[Notary Seal: ELVIA RAMOS, Notary Public, STATE OF TEXAS, My Comm. Exp. 10-03-10]

Agreed, Accepted, and Ratified by:

_____
Peyton Yates Freiman, accepting and affirming his fiduciary duties as
Trustee for Charles Edward Lincoln
10804 Ridgeway Drive, Suite 220
Jonestown, Texas 78645
Telephone (512) 971-1191

On this Monday the 16th day of April, 2007, before me came Peyton Yates Freiman who acknowledged to me that he is the same individual who accepted and ratified the above Trust Agreement, as Trustee

_____
NOTARY PUBLIC, STATE OF TEXAS
CEDAR PARK, WILLIAMSON COUNTY



[Notary Seal: ELVIA RAMOS, Notary Public, STATE OF TEXAS, My Comm. Exp. 10-03-10]